IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE SELVAGGIO                  :            CIVIL ACTION
                                  :
          v.                      :
                                  :
WILLIAM E. HORNER, et al.         :            NO. 14-4109

MEMORANDUM

Bartle, J.                                     August 27, 2014

         Plaintiff Denise Selvaggio instituted this action against

William E. Horner and Margaret E. Horner, individually and as co-

trustees of the Horner Family Revocable Trust (the "Horners").

Plaintiff alleges she sustained injuries as a result of a slip and

fall on real estate owned by defendants in Nottingham, Pennsylvania.

According to the complaint, the property was leased to the United

States Postal Service which operated a Post Office on the premises

at the time of the incident.

         Plaintiff sued the Horners in the Court of Common Pleas of

Chester County.  The Horners thereafter filed a "joinder complaint,"

that is, a third-party complaint, in that court against the United

States for contribution and indemnification.  The United States

removed the action to this forum under 28 U.S.C. § 1442(a)(1).  Now

pending is the motion of the United States to dismiss the Horners'

third-party complaint against it for lack of subject-matter

jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

Procedure.

Under 28 U.S.C. § 1442(a)(1), the United States may remove an action to the district court whenever the action is brought in the state court against it, a federal agency, or a federal officer.[1] Removal is permitted regardless of whether the action is removable under 28 U.S.C. § 1441, the general removal statute.[2]  When a case is removed under § 1442(a)(1), the jurisdiction of the federal court is derivative of that of the state court.  If the state court lacked subject matter jurisdiction, the federal court lacks jurisdiction even if the federal court would have had jurisdiction had the action been initiated in this forum.  See, e.g., Lambert Run Coal Co. v.

---

[1]  Title 28 U.S.C. § 1442(a)(1) provides in relevant part:

> **(a)** A civil action … that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity ….

[2]  Title 28 U.S.C. § 1441(a) states:

> **(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Baltimore & O. R. Co., 258 U.S. 377, 382 (1922); Palmer v. City

Nat'l Bank, 498 F.3d 236, 245-48 (4th Cir. 2007).  In this case, the

state court had no jurisdiction to adjudicate an action against the

United States for negligence at a Post Office.  Such claims against

the United States are within the exclusive jurisdiction of the

federal courts under the Federal Tort Claims Act ("FTCA").  28

U.S.C. §§ 1346(b)(1); 2679(b)(1); Clinton Cnty. Comm'rs v. EPA, 116

F.3d 1018, 1021 (3d Cir. 1997).

        The Court of Appeals for the Fourth Circuit explored

derivative jurisdiction at length in Palmer.  The court explained

that this doctrine often strangely leads to a federal court

dismissing a removed action over which it would otherwise exercise

exclusive jurisdiction simply because the state court where the case

was originally filed had no jurisdiction.  See id. at 244.  For this

reason, the derivative jurisdiction doctrine has faced considerable

adverse criticism.  Id. (citing Washington v. Am. League of Prof'l

Baseball Clubs, 460 F.2d 654, 658-59 (9th Cir. 1972); Welsh v.

Cunard Lines, Ltd., 595 F. Supp. 844, 846 (D. Ariz. 1984)).

        As a result, Congress amended the general removal statute,

28 U.S.C. § 1441, to add that "[t]he court to which such civil

action is removed is not precluded from hearing and determining any

claim in such civil action because the State court from which such

civil action is removed did not have jurisdiction over that claim."

Judicial Improvements Act of 1985, Pub. L. No. 99-336, § 3, 100

Stat. 633, 637 (1986) (codified as amended at 28 U.S.C.A. § 1441(f)
(2007)); Palmer, 498 F.3d at 245.  This provision has since been
revised to state:  "The court to which a civil action is removed
under this section is not precluded from hearing and determining any
claim in such civil action because the State court from which such
civil action is removed did not have jurisdiction over that claim."
28 U.S.C. § 1441(f) (emphasis added).  In its current iteration, the
plain language of the statute frees a district court from the limits
of derivative jurisdiction only in cases removed pursuant to § 1441.
Id.; Palmer, 498 F.3d at 245-46.  A recent non-precedential opinion
of our Court of Appeals is consistent with this conclusion.  See
Calhoun v. Murray, 507 F. App'x 251, 256 (3d Cir. 2012).

This action was removed by the United States under
§ 1442(a)(1) and not under § 1441(a).  Our jurisdiction thus remains
derivative of that of the Court of Common Pleas.  As noted above,
since the state court had no power to adjudicate a claim against the
United States for negligence at a Post Office, this court likewise
has no power to adjudicate this claim against it.  Nonetheless, this
lack of jurisdiction does not prevent the plaintiff or the Horners
from initiating a separate action against the United States in this
court under the FTCA once all the prerequisites of such a lawsuit
have been met.[3]

---

[3]   We note that a plaintiff is ordinarily required to exhaust
administrative remedies before bringing an FTCA claim in federal

The Horners maintain that removal would be more properly based on 28 U.S.C. § 2679(d), which allows removal of an action brought against an employee of the federal government after the United States Attorney General certifies that the employee was working within the scope of his or her employment.  The Horners rely on Thompson v. Wheeler, in which our Court of Appeals allowed an FTCA action to proceed under § 2679(d) despite its original removal under § 1442(a)(1).  898 F.2d 406, 409 (3d Cir. 1990).  We are not persuaded.  By its terms § 2679(d) confers no jurisdiction when, as here, no federal employee has been sued and thus no certification from the Attorney General is or will be forthcoming.

Accordingly, the motion of the United States to dismiss the Horners' third-party complaint against it will be granted for lack of subject matter jurisdiction.  This ruling is without prejudice to the right of the plaintiff or the Horners to file a timely action against the United States in this court under the FTCA.  See McNeil v. United States, 508 U.S. 106 (1993).

The plaintiff and the Horners are citizens of Pennsylvania.  Because we have no independent basis for jurisdiction over plaintiff's negligence claim against the Horners, we are

---

court.  28 U.S.C. § 2675(a).  Third-party complaints allowed under the Federal Rules of Civil Procedure are not subject to this requirement.  Id.  The plaintiff in this action, Denise Selvaggio, brought an administrative tort claim before the U.S. Postal Service, which was denied in July 2014 after the United States had removed the case to this court.

-6-

remanding the remainder of this action to the Court of Common Pleas

of Chester County.